## Case No. 3,570.

### In re DARBY.

[4 N. B. R. 309 (Quarto, 98); 4 N. B. R. 211 (Quarto, 61); 18 Pittsb. Leg. J. 154.][1]

District Court, E. D. Missouri. 1873.

BANKRUPTCY — SETTLEMENT OF ESTATE BY TRUSTEES.

Although the winding up and settlement of the estate are to be deemed proceedings in bankruptcy under the 43d section of the bankrupt act of 1867 [14 Stat. 538], which contemplates the superseding of proceedings under the act, and, in given contingencies, the "resumption" of such proceedings, yet it is evident that the true meaning is the substitution of the modes prescribed in this section for the ordinary modes. Such proceedings are none the less "proceedings in bankruptcy" under the act because they are special in their nature. Either mode can be adopted, the ordinary one or this special one. The trustees, under direction of the committee, can wind up the estate just as the bankrupt could have done, or they may be restricted to the more limited powers and duties of ordinary assignees.

[Cited in Re Bakewell, Case No. 788; Re Trowbridge, Id. 14,191; Re Cooke, Id. 3,-172.]

The questions submitted to the court involve the course of proceedings under section 43 of the bankrupt act, the terms of which are very obscure. The general purport of said section seems to be, to substitute trustees "under the inspection and direction of a committee of the creditors" for the ordinary machinery provided by the act, and on their appointment, confirmation, etc., to cause said ordinary proceedings to be "superseded." Provision is made for "resuming the proceedings" in certain contingencies, and for the discharge of the bankrupt as if the ordinary course has been pursued. The trustees "have and hold" all the bankrupt's property and estate "in the same manner and with same power and rights in all respects as the bankrupt would have had or held the same if no proceedings in bankruptcy had been taken, or as the assignee would have done had such resolution (of the creditors) not been passed. * * * And the court, by order, shall direct all acts and things needful to be done to carry into effect such resolution of the creditors," which resolution is "that the estate of the bankrupt should be wound up and settled, and distribution made among

---

[1] [Nowhere reported; opinion not now accessible.]

[1] [Reprinted from 4 N. B. R. 309 (Quarto, 98), by permission. 4 N. B. R. 211 (Quarto, 61), and 18 Pittsb. Leg. J. 154, contain only partial reports.]

the creditors by trustees, under the inspection and direction of a committee of the creditors." The act then provides that "said trustees shall proceed to wind up and settle the estate under the direction and inspection of such committee of the creditors for the equal benefit of all such creditors." Resting on those provisions alone, it would seem to be the duty of the trustees, under said inspection and direction, subject to the orders of the court, to proceed to wind up the estate just as the bankrupt himself could have done if no proceedings in bankruptcy had been had; distributing the proceeds, however, equally among the creditors, or as the assignee would have done if such resolution had not been passed. These are alternative modes; yet the section proceeds: "And the winding up or settlement of any estate under the provisions of this section shall be deemed to be proceedings in bankruptcy under this act; and the said trustees shall have all the rights and powers of assignees in bankruptcy." Is the last clause cited a limitation on the powers of the trustees? Are they clothed merely with the powers of the assignees? If so, wherein has the section any substantive force? If the substitution of trustees to act under the direction of a committee works only a change of name, what necessity for a committee, and what its legal functions? An assignee acting under the direction of the court has prescribed duties to perform without the intervention of a committee, and cannot adjudicate upon claims against an estate. The trustees are to act under the direction of a committee, and, although they are subject to the orders of the court, must all claims be first heard and allowed by a register? Are their functions confined merely to the management, sale, or disposal of the estate, without reference to what claims there may be against it, further than those claims are established in the ordinary mode before the register? Although "the winding up and settlement of estates" are to "be deemed proceedings in bankruptcy," and the section contemplates the "superseding" of proceedings under the act, and, in given contingencies, the "resumption" of such proceedings; yet it is evident that the true meaning is the substitution of the modes prescribed in this section for the ordinary modes. Such proceedings are none the less "proceedings in bankruptcy under the act" because they are special in their nature. Either mode can be adopted, the ordinary one or this special one. If the special mode be chosen, either of the alternative courses named can be pursued, as the court may order; viz., the trustees under the direction of the committee, can wind up the estate just as the bankrupt could have done if he had not gone into bankruptcy, exercising all his rights, powers, and duties over the whole estate, for the purpose of collecting dues, disposing of property, compromising, allowing demands, etc., subject only to the necessity of an equal distribution of assets among creditors; or, they may be restricted to the more limited powers and duties of ordinary assignees. If they act under the broader or more general powers, it is obvious that they will often need the interposition of the court in various ways, such as compelling the attendance of witnesses, causing examinations to be had under oath, etc., for they are not clothed with "judicial" authority. "The court * * * shall have power to summon and examine on oath or otherwise, etc., in the same manner as in other proceedings in bankruptcy under this act;" that power is vested solely in the court, not in the trustees. Hence, when such interposition is needed, the trustees must apply to the court therefor. The powers of the "court" in such cases, are exercised, not necessarily in all instances, by the judge of the court personally, but often by the register, under his direction, on special or general reference to him. It is not necessary to attempt here an accurate statement of all questions cognizable before the register without a special order of the judge in the first instance, because the points submitted require no such statement. Applications can be made to the judge in all doubtful matters, and he can make such orders as such application may demand. In the case under consideration, the original order of this court was not so full and explicit as is desirable. The ordinary course was originally taken in this case, but subsequently, under an order of the court, a special meeting was called to determine whether the creditors would elect to have the estate "wound up" under section 43. At that special meeting, the desired action having been had, and the necessary course thereunder having been pursued and the proper transfer made by the assignee to the trustee, the order of the court should have determined in what manner the trustees were to act, whether with the limited powers of assignees, or the broader powers stated. This was more important, inasmuch as many demands had previously been proved before the register, and most of the creditors had voted at the election of the assignee.

TREAT, District Judge. Under section 43 the trustees, under direction of the committee, may, if so ordered by the court, proceed to settle the estate just as if there had been no adjudication of bankruptcy and the bankrupt was managing his own affairs, taking care always to secure legal protection to each of the creditors. If, under such a general order, the interposition of the court is needed for the examination of witnesses under oath, etc., application therefor may be made to the judge or register, and, if made to the judge, he, on granting the same, will order the examination to be had before the register or otherwise. In other words, whenever the trustees and committee are satisfied that demands are correct, and need no testimony to be taken, they can allow the same. When

they are not satisfied, the demand should be proved before the register on notice to the trustees. All demands not allowed already should be presented to the trustees for allowance in the first instance, and, if allowed by them, no further action need be had; but, if the trustees demand proof, they can apply to the register or judge for an order to have testimony taken with respect thereto before the register or otherwise, and for the claims to be passed upon by the register. The trustees can proceed in all cases and in all matters, if the court so orders, just as the bankrupt could have done if he had not gone into bankruptcy, and, consequently, if they cannot dispose of a matter before them without "judicial" investigation, they must have the action of the register or judge. This follows from the fact that the trustees have no judicial authority, and that, when such authority is needed, they must resort to it just as the bankrupt would have been compelled to do if no proceedings in bankruptcy had been instituted.

The court has heretofore granted orders for examination of witnesses, stating that the testimony must be taken before some one competent to swear the witnesses; said testimony having the force of ordinary depositions when properly reduced to writing. The trustees have no power to administer oaths. All disputed demands will hereafter be referred to the register, and when the trustees need ordinary orders concerning the taking of testimony, etc., they can apply to him therefor. Where no action strictly judicial is needed, they will, under a general order to be now entered, proceed with all the matters committed to them as fully as the bankrupt could have done, if he had made no application in bankruptcy. Thus, under section 43, the estate can be "wound up" by said trustees under the direction of the committee, without any interposition of the register or judge, further than resort to judicial action may from time to time require. The claim against the estate allowed by the register before the appointment of an assignee or of the trustees, if the trustees so elect, can, on notice to the respective claimants, be opened and passed upon anew by the register. It will not be necessary, except where the register has no power to act in the first instance, for the trustees to apply to the judge. When they are satisfied a demand is correct they can allow it. They can dispose of assets and settle the estate without special orders in each matter before them; keep their own accounts and records of their proceedings; have the aid of the register or judge when needed, and finally have their actions ultimately closed by the formal decree of the court. The register will hereafter allow no claims except such as are disputed, or are submitted to him for decision by the trustees. As the original notice to the creditors required them to prove their demands before the register, and formal proofs thereof may, in many instances, still be sent to him, he should not pass on them without notice to the trustees. The latter should give such notice to the creditors as will cause further demands to be presented to them, in the first instance, and thus avoid unnecessary delay and costs.

In accordance with the views above stated the court now makes the following order: Whereas, Andrew Park and John K. Tiffany have been duly elected trustees of the estate of John F. Darby, bankrupt, under section 43 of the bankrupt act, and this court has heretofore confirmed the resolution of the creditors and their selection of trustees, it is ordered that said trustees have and hold the estate of said bankrupt in the same manner and with the same powers and rights, in all respects, as the bankrupt would have had or held the same if no proceedings in bankruptcy had been taken; and that said trustees proceeded to wind up and settle said estate under the direction and inspection of the committee of creditors appointed therefor, for the equal benefit of all the creditors of said estate; and also do all and singular which by law and this order they may lawfully do to carry into effect the resolution of said creditors.